IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT PUGH, | : | |
|     Plaintiff | : | |
| | : | |
| vs. | : | No. 1:20-cv-1273 |
| | : | |
| VINCENT MOONEY: SUPT. ET AL; | : | |
| MS. BANTA: D.S.C.S.; | : | |
| MR. STETLER: D.S.F.M.; | : | |
| STACEY MILLER: CCPM; | : | |
| MR. GROHOWSKI: UM; | : | |
| ANDREW NEWTON: PSYCHIATRIST; | : | |
| MS. STEMPIEN: PSS; | : | |
| MR. MANKO: LT; MR. BAILEY: CO.I; | : | |
| MR. PHILLIPS: S.G.T.; | : | |
| CENTRAL OFFICE SPECIAL NEEDS; | : | |
| PSYCHIATRIC REVIEW TEAM; | : | |
| MR. MOORE: CO.I, | : | |
|     Defendants | : | JURY TRIAL DEMANDED |

**DEFENDANT ANDREW O. NEWTON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.   FACTS**

This is a *Pro Se* prisoner civil rights case filed by Plaintiff LaMont Pugh on July 24, 2020 (ECF No. 1). Plaintiff has named 13 Defendants, including Andrew Newton, Psychiatrist (correctly named, Andrew O. Newton, M.D.). Plaintiff notes in his Complaint that he seeks "Declaratory, injunctive…, monetary and punitive relief for violations of the 8th and 14th Amendments" (*Id*).

Plaintiff avers against Dr. Newton that he was employed by the Department of Corrections as a psychiatrist acting under color of state law (ECF No. 1, ₱ 9). Plaintiff's first mention of Dr. Newton in the "Facts" section of the Complaint is at paragraph no. 24. He alleges in this paragraph that "Defendants acted in concert with Defendant Andrew Newton Psychiatrist[,] who …[he] had an active PREA Complaint on[,] to fictitiously manufacture Plaintiff[']s…mental health records

by changing Plaintiff['s] "D" Code Stability to a "C" Code" (ECF No. 1, ¶ 24). He further asserts that this change was made so that "Defendants Mooney, Banta, Stetler, Miller, Grohowski, Stempien and Monko … [could perform] a "reprisal retaliatory transfer of Plaintiff to SCI Fayette Special Management Unit ("SMU")…[as] punishment" (*Id.*). Plaintiff avers that he went from treatment in the Diversionary Treatment Unit ("DTU") to no treatment in the Special Management Unit (SMU), at SCI Fayetteville, and was subject to racial profiling and systematic racism (*Id.*).

The physical injuries averred in Plaintiff's Complaint at paragraphs 31-34 allegedly were the result of a July 18, 2018 claimed assault involving other Defendants and <u>not</u> Dr. Newton (ECF No. 1, ¶¶ 19, 31-34). Plaintiff alleges <u>no</u> causes of action against Dr. Newton at Counts I-IV (ECF No. 1, ¶¶ 35- 50). Counts I-IV all revolve around the alleged July 18, 2018 assault and the alleged resultant injury.

**II.     ARGUMENT**

    **A.     Plaintiff's Complaint fails to state a cause of action under R. 12(b)(6).**

> A motion to dismiss pursuant to Rule 12(b)(6) contends that the complaint has failed to assert a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering the motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

*Real Alternatives, Inc. v. Burwell*, 150 F. Supp. 3d 419, 430 (M.D. Pa 2015).

Plaintiff does not set forth in his Complaint at Counts I-IV any purported Constitutional violation by Dr. Newton, and on this basis alone the Complaint should be dismissed against him for failure to state a claim under Fed.R.C.P. 12(b)(6). In addition, Plaintiff does not set forth in his Complaint any harm allegedly caused by Dr. Newton at paragraphs 31-34, such that the Complaint should be dismissed pursuant to Fed.R.C.P. 12(b)(6).

If Dr. Newton were to guess at the intended claims, Plaintiff may be attempting to seek damages for deliberate indifference to a medical need in violation of the 8th Amendment, and/or a retaliation claim in violation of the First Amendment. However, Plaintiff fails to adequately plead these claims for the reasons set forth below.

   **B.    Facts averred fail to set forth a prima facie case of deliberate indifference to a medical need.**

In order to state an Eighth Amendment claim against a correctional health care provider, Plaintiff must show "deliberate indifference to a serious medical need" on the part of the provider. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id*.

The law requires knowledge and intent to sustain a claim for deliberate indifference. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (holding that in order to state an Eighth Amendment claim against a prison official, the official "must have a sufficiently culpable state of mind" of "deliberate indifference to inmate health and safety," thereby making deliberate indifference "a subjective standard").

Under the Eighth Amendment, deliberate indifference can manifest in circumstances: 1) where "'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care'", 2) where "short of absolute denial . . . 'necessary medical treatment is . . . delayed for non-medical reasons,'" 3) where "'prison authorities prevent an inmate from receiving recommended treatment'" (*Monmouth County Correctional Institutional Inmates v. Lanzaro,* 834 F.2d 326, 346  (3d Cir. 1987)),  or  4) where there is "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

In order to sustain a claim for deliberate indifference, Plaintiff "must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.' *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)". *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017).

> [M]ere allegations of malpractice do not raise issues of constitutional import. See e.g., *Estelle*, 429 U.S. at 106 & n.14; *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970) ("More is needed than a naked averment that a tort was committed under color of state law. . . ."). Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation. *See Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977); *Massey v. Hutto*, 545 F.2d 45, 46 (8th Cir. 1976) (per curiam).

*Lanzaro*, 834 F.2d at 346.

Here, Mr. Pugh claims that Dr. Newton "fictitiously manufactur[ed] Plaintiff['s]…mental health records by changing Plaintiff['s] "D" Code Stability to a "C" Code" However, Dr. Newton submits that this averment does not rise to the level of an 8th Amendment violation.

As has been stated clearly in this Circuit, making a false statement in a medical record is insufficient to support an 8th Amendment claim, inasmuch as the fabrication of medical records is not actionable. *Rivera v. Tennis*, 2010 U.S. Dist. LEXIS 85468, *25 (M.D. Pa. July 19, 2010) (finding that allegations of falsification of medical records, alone, is insufficient to support an 8th Amendment claim), *adopted* 2010 U.S. Dist. LEXIS 71991 (M.D. Pa. July 19, 2010); *McAnulty v. Mooney*, 2016 U.S. Dist. LEXIS 105908, *20 (M.D. Pa. Aug. 11, 2016) (finding that allegation that physician assistant falsified grievance response related to medical treatment did not rise to level of deliberate indifference). *See also Collazo v. Talbot*, 2013 U.S. Dist. LEXIS 70831, 2013 WL 2181184 (C.D. Ill. May 20, 2013) ("Fabrication or falsification of medical records . . . is not an actionable claim under the Eighth Amendment."); *Oliver v. Haddock*, No. 08-4608, 2009 U.S.

Dist. LEXIS 112126, at *16 (S.D.N.Y. Dec. 3, 2009) (finding the allegedly false entry in plaintiff's medical record was insufficient to show the defendant acted with deliberate indifference to plaintiff's medical needs).

In addition, the change from Stability Code "D" status to Stability Code "C" status does not implicate any 8th Amendment right. An inmate "has no constitutional right to be assigned a particular stability code, or to be confined in a particular cell." *Stafford v. Corizon Health, Inc.*, 2016 U.S. Dist. LEXIS 104553 (M.D. Pa. August 9, 2016); *Keeling v. Wetzel*, 2020 U.S. Dist. LEXIS 45637, *4  (M.D Pa March 16, 2020). Furthermore, Plaintiff asserts no harm or damages from the change in his stability code to make out an 8th Amendment claim.

For all the above stated reasons, Plaintiff's averments do not rise to the level of an 8th Amendment violation for deliberate indifference.

**C.   Facts Averred Fail to Set Forth a Prima Facie Case against Dr. Newton for Conspiracy to Retaliate**

In the case at bar, Plaintiff avers that Dr. Newton acted in concert with other named Defendants, because Plaintiff made a PREA complaint (sexual abuse complaint) against Dr. Newton.  Per Plaintiff, because of his complaint, Dr. Newton "fictitiously manufactur[ed] Plaintiff['s] mental health records by changing his "D" Code Stability to a "C" Code" (ECF No. 1, ¶ 24). He purportedly made this change so that "Defendants Mooney, Banta, Stetler, Miller, Grohowski, Stempien and Monko could perform a reprisal retaliatory transfer" (*Id.*). Plaintiff was transferred from SCI Retreat, in the Diversionary Treatment Unit ("DTU"), to the SCI Fayette, in the Special Management Unit ("SMU"), as punishment to prevent him from receiving treatment (*Id.*).

> [I]n order to plead a civil rights action based upon a claim of conspiracy, a plaintiff must plead allegations that are: supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives. Bare conclusory allegations of "conspiracy" or "concerted action" will not suffice to allege a conspiracy.

*Victor v. Huber*, 2012 U.S. Dist. LEXIS 186403, *39-40 (M.D. Pa Nov. 28, 2012). The plaintiff must "expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Flanagan v. Shively*, 783 F. Supp. 922, 928 (M.D. Pa. 1992). A "bare assertion of conspiracy will not suffice." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).

> [T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred. *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992); see also *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (stating that a conspiracy requires a "meeting of the minds")... This holding remains good law following Twombly [550 U.S. 544 (2007)] and Iqbal [556 U.S. 662 (2009)], which, in the conspiracy context, require "enough factual matter (taken as true) to suggest that an agreement was made," in other words, "plausible grounds to infer an agreement." Twombly, 550 U.S. at 556.

*Id.*

"It is not enough that the end result of the parties' independent conduct caused the plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Perez v. Gamez*, 2013 U.S. Dist. LEXIS 163862, *30-31 (M.D. Pa. Nov. 18, 2013). Rather, the plaintiff must show that the defendants acted in concert with the specific intent to violate the plaintiff's rights. *Davis v. Fox*, 2013 U.S. Dist. LEXIS 148328, *14 (M.D. Pa. Oct. 15, 2013).

Here, Plaintiff's assertions fail to satisfy the requirements for adequately pleading conspiracy. Just because Plaintiff's Stability Code was changed by Dr. Newton and that, at some unspecified time, Plaintiff was transferred to a different prison and house in a different unit then

previously, does not reasonably lead to the inference that the alleged Defendants had an agreement to punish Plaintiff for his PREA complaint and prevent him from receiving treatment.

In *Great Western Mining & Mineral Co. v. Fox Rothschild,* 615 F.3d 159, the Third Circuit addressed plaintiff's federal claim of deprivations of due process. Great Western had lost its state court action to vacate an arbitration award. The award had been entered by ADR Options arbitrator, Tom Rutter, in favor of plaintiff, whose counsel was Attorney Tinter, a partner at Fox, Rothchild. Plaintiff claimed that these defendants conspired with state-court judges to exchange favorable rulings for the judges' future employment as arbitrators. The Third Circuit held that plaintiff's conspiracy claim against these defendant parties was insufficiently pled, as it failed to adequately aver an agreement *Id*. at 178. What Great Western averred was that:

> (1) on or about March 1, 2006, Tintner stated that there was "no way that a Philadelphia court is ever going to find against Thomas Rutter given his relationship with the Philadelphia court system"…; (2) ADR Options is the largest provider of ADR services in Pennsylvania, has a large roster of former judges employed as arbitrators, and pays its arbitrators handsomely; and (3) in May 2009, Rutter testified at a deposition that some of the judges who had ruled for ADR Options and against Great Western had already approached him about employment after they leave the bench.

The Third Circuit held that:

> At most, Great Western has alleged that Pennsylvania state-court judges hoped to secure employment with ADR Options after leaving the bench and thus had an incentive to rule in the company's favor. Fatal to its claim, however, Great Western failed to make any factual contentions concerning conduct by Rutter or any of the other Defendants. Specifically, even Proposed Amended Complaint 3 is devoid of allegations that Rutter or any of the Defendants did or said something to the judges to create an understanding that favorable rulings could result in future employment. Instead, the allegations in the complaint, even when viewed in the light most favorable to Great Western, describe unilateral action on the part of certain judges.

*Id*. at 178-179. *See Noble v. Brady*, 2020 U.S. Dist. LEXIS 115521 *15-16 (W.D. Pa July 1, 2020) (wherein failure to allege any facts suggesting that purported conspirators communicated,

consulted, or cooperated for the express purpose of jointly depriving Plaintiff of constitutional rights held fatal to conspiracy claim).

In the case at bar, Plaintiff has failed to plausibly plead concerted action by the Defendants. There is nothing to be found in Plaintiff's allegations from which a Court could plausibly infer a meeting of the minds. Absent is each Defendant's role in the alleged conspiracy, the approximate time when Dr. Newton allegedly conspired with the other Defendants to reach an agreement, the object of the conspiracy, and the period of the conspiracy.

As Plaintiff has failed to set forth a prima facie case of conspiracy against Dr. Newton, any possible claim of retaliation against Dr. Newton (where the alleged retaliatory transfer of Plaintiff to a different prison and unit purportedly was made by other defendants) should be dismissed, with prejudice.

In addition, Plaintiff' has not sufficiently averred causation to make out a claim for retaliation. To prevail on a claim of retaliation, a prisoner-plaintiff must prove that: (1) the conduct which led to the alleged retaliation was constitutionally protected, (2) he suffered some "adverse action" at the hands of the prison officials, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). "Because retaliation claims can be easily fabricated, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner." *Williams v. Nyberg*, 2021 U.S. Dist. Lexis 201201, *15 (W.D. Pa Oct. 19, 2021). Merely labelling an action as retaliatory does not satisfy the pleadings requirements. A plaintiff must plead sufficient facts to support his assertion that the retaliation was due to the exercise of a constitutionally protected right, that the action lead to

adverse treatment and that the prisoner's action was a substantial motivating factor in the adverse action *Id*.

The third element of on a retaliation claim, causation, is established only if the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997). To support this last element, "a plaintiff must come forward with more than 'general attacks' upon the defendant's motivations..." *Miskovitch v. Hostoffer*, 721 F. Supp. 2d 389, 396 (W.D. Pa 2010)(citing *Crawford—El v. Britton*, 523 U.S. 574, 600 (1998)).

Given the above, in Pugh's Amended Complaint, he must aver sufficient facts to show that the filing of sexual abuse claim under the PREA was a substantial motivating factor in Dr. Newton's decision to change his "D" Stability Code to a "C" Stability Code so that Plaintiff could then be transferred to a another prison and into a SMU from the DTU. However, Mr. Pugh has failed to do so. *See Williams v. Nyberg*, 2021 U.S. Dist. Lexis 201201, *16-17 (Plaintiff fails to sufficiently aver causation where the most specific allegations are that on October 5, 2018, defendant "removed plaintiff from his Chapel Janitor work assignment," and Defendants "Ennis, Kusiak, Giles, Egan, Dececco, Seusser, and Eddy" terminated him from his janitorial job at SCI-Albion "as retaliation for plaintiff's exercise of filing grievances and lawsuits).

Here, Plaintiff has alleged no time element between the alleged PREA Complaint and his transfer or any plausible connection between the PREA complaint and the transfer.  Accordingly, Plaintiff's Complaint (ECF No. 1) does not set forth a prima facie case of retaliation.

### III. CONCLUSION

For the above stated reasons, Andrew O. Newton, M.D. requests that the Court dismiss Plaintiff's Complaint against him, with prejudice.

Respectfully submitted,
**THOMAS, THOMAS & HAFER, LLP**

November 10, 2021
Date

_____
Laura J. Herzog, Esquire
*Attorney for Defendant Andrew O. Newton, M.D. (incorrectly identified as Andrew Newton, Psychiatrist)*

*5479374.1*