IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT PUGH, | : |
|                 Plaintiff | : |
| | :   No. 1:20-CV-1273 |
| v. | : |
| | :   Judge Conner |
| VINCENT MOONEY, MS. BANTA, | : |
| MR. SETIER, STACEY MILLEY, | :   Electronically Filed Document |
| MR. GROHOWSKI, ANDREW | : |
| NEWTON, MS. STEMPIEN, MR. | :   *Complaint Filed 07/24/2020* |
| MONKO, MR. BAILEY, SGT. | : |
| PHILLIPS, CENTRAL OFFICE | : |
| SPECIAL NEEDS PSYCHIATRIC | : |
| REVIEW TEAM *and* C.O. MOORE, | : |
|                 Defendants | : |

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, come the Defendants, Central Office of Special Needs Psychiatric Review Team, Mooney, Banta, Stetler, Miller, Grohowski, Stempien, Monko, Phillips and Moore (hereinafter "Commonwealth Defendants"), by and through undersigned counsel, and file this Answer and Affirmative Defenses to the Complaint (ECF Doc. 1), as follows. All headings correspond to the headings in the Complaint.

Complaint

This unnumbered paragraph contains conclusions of law, to which no response is required. To the extent any facts are alleged against Commonwealth Defendants, they are DENIED.

Jurisdiction

1. This is a statement of jurisdiction, to which no response is required.

2. This is a statement of venue, to which no response is required.

Parties

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. This paragraph refers to a defendant who is not represented by undersigned counsel; no response is required.

10. Admitted.

11. Admitted.

12. This paragraph refers to a defendant who is not represented by undersigned counsel; no response is required.

13. Admitted.

14. Admitted in part, denied in part.  The identity of this defendant is admitted; it is DENIED that this review board is a proper party to this case.

15. Admitted.

Facts

16. Admitted in part, denied in part.  It is admitted that Plaintiff was temporarily sent from SCI-Retreat to SCI-Waymart.  After reasonable investigation, Commonwealth Defendants are without sufficient information to determine the truth of the remainder of the averments in this paragraph; they are therefore DENIED.

17. Admitted in part, denied in part.  It is admitted that Plaintiff was temporarily sent to SCI-Camp Hill.  After reasonable investigation, Commonwealth Defendants are without sufficient information to determine the truth of the remainder of the averments in this paragraph; they are therefore DENIED.

18. Admitted, with clarification.  To the best of the knowledge of the Commonwealth Defendants, Plaintiff was placed on the Mental Health Unit, rather than in a Psychiatric Observation Cell, at this time.

19. DENIED.  In addition, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions of this paragraph.

20. DENIED.

21. DENIED. In addition, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions of this paragraph.

22. DENIED.  In addition, this paragraph refers to Pennsylvania Department of Corrections policies, which speak for themselves.  Finally, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions of this paragraph.

23. DENIED.

24. DENIED.  Additionally, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions.

25. This paragraph refers to a document that speaks for itself; no response is required.

26. This paragraph contains conclusions of law, to which no response is required. To the extent any facts are alleged against Commonwealth Defendants, they are DENIED. Additionally, this paragraph refers to Pennsylvania Department of Corrections policies that speak for themselves.

27. DENIED.

28. DENIED.

29. DENIED.

30. DENIED.

Injuries to Plaintiff

31. DENIED.

32. DENIED.

33. DENIED.

34. DENIED.

Causes of Action

Count I. Eighth Amendment Violation: Calculated Harassment

Defendants C/O Bailey, S.G.T. Phillips, C/O Moore

35. This is an incorporation paragraph, to which no response is required.

36. This paragraph contains conclusions of law, to which no response is required. To the extent any facts are alleged against Commonwealth Defendants, they are DENIED. In addition, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions of this paragraph.

37. DENIED. In addition, this paragraph refers to Pennsylvania Department of Corrections policies that speak for themselves. In addition, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions of this paragraph.

38. This paragraph contains conclusions of law, to which no response is required. To the extent any facts are alleged against Commonwealth Defendants, they are DENIED. In addition, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions of this paragraph.

Count II: Eighth Amendment Violation: Excessive Force

Defendants C/O Bailey, S.G.T. Phillips, C/O Moore

39. This is an incorporation paragraph, to which no response is required.

40. This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Commonwealth Defendants, they are DENIED.  In addition, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions of this paragraph.

41. This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Commonwealth Defendants, they are DENIED.

Count III:  Fourteenth Amendment Violation:  Equal Protection Due Process Defendants C/O Bailey, S.G.T. Phillips, C/O Moore, etc.

42. This is an incorporation paragraph, to which no response is required.

43. This paragraph contains conclusions of law, to which no response is required.  To the extent any facts are alleged against Commonwealth Defendants, they are DENIED.  In addition, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions of this paragraph.

44. DENIED.  In addition, this paragraph refers to Pennsylvania Department of Corrections policies which speak for themselves. In addition, this paragraph refers to a defendant who is not represented by

undersigned counsel; no response is required to those portions of this paragraph.

45. This paragraph contains conclusions of law, to which no response is required. To the extent any facts are alleged against Commonwealth Defendants, they are DENIED.

46. DENIED. In addition, this paragraph contains conclusions of law, to which no response is required. To the extent any facts are alleged against Commonwealth Defendants, they are DENIED. Finally, this paragraph refers to Pennsylvania Department of Corrections policies that speak for themselves.

Count IV State Law Claim:  Assault and Battery

Defendants C/O Bailey, S.G.T. Phillips, C/O Moore

47. This is an incorporation paragraph, to which no response is required.

48. DENIED. In addition, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions of this paragraph.

49. DENIED. In addition, this paragraph refers to Pennsylvania Department of Corrections policies that speak for themselves.

50. This paragraph contains conclusions of law, to which no response is required. To the extent any facts are alleged against Commonwealth Defendants, they are DENIED. In addition, this paragraph refers to a defendant who is not represented by undersigned counsel; no response is required to those portions of this paragraph.

Relief Sought

These lettered paragraphs are Plaintiff's request for relief, to which no response is required.

## AFFIRMATIVE DEFENSES

In addition to the DENIALS asserted above, Commonwealth Defendants also assert the following Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because it fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

Defendants Hann, Anders, Kendrick, Kauffman did not demonstrate any indifference, deliberate or otherwise, toward Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendants did not deprive Plaintiff of any right protected by the United States Constitution; 42 U.S.C.A. §1983; or any other state or federal law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies; therefore, his claim is barred by the Prisoner Litigation Reform Act, 42 U.S.C. §1997e.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants did not demonstrate any indifference, deliberate or otherwise, toward any serious medical need of the Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by 1 Pa.C.S. § 2310.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed because he cannot demonstrate the personal involvement of Defendants Hann, Anders, Kendrick, and Kauffman.

### TENTH AFFIRMATIVE DEFENSE

All or part of Plaintiff's claims may be barred by the Eleventh Amendment.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred and must be dismissed because Plaintiff has not been damaged by Defendants' conduct and because he cannot maintain an action merely for purported emotional damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate irreparable harm.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a declaration, compensatory or punitive damages.

Commonwealth Defendants reserve the right to assert additional Affirmative Defenses, as appropriate, as this case moves forward.

WHEREFORE, Commonwealth Defendants request that judgment be entered in their favor and Plaintiff's Complaint dismissed with prejudice.

A JURY TRIAL IS DEMANDED.

                                         **Respectfully submitted,**

                                         **JOSH SHAPIRO**
                                         **Attorney General**

By:  *s/ Jonathan M. Blake*
       **JONATHAN M. BLAKE**

**Office of Attorney General**      **Deputy Attorney General**
**15th Floor, Strawberry Square**  **Attorney ID 307030**
**Harrisburg, PA 17120**
**Phone: (717) 783-7128**         **KAREN M. ROMANO**
                                         **Chief Deputy Attorney General**
**jblake@attorneygeneral.gov**    **Civil Litigation Section**

**Date:  November 18, 2021**     **Counsel for Defendants Central Office of Special Needs Psychiatric Review Team, Mooney, Banta, Stetler, Miller, Grohowski, Stempien, Monko, Phillips and Moore**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMONT PUGH,** | : | No. 1:20-CV-1273 |
| Plaintiff | : | |
| v. | : | **Judge Conner** |
| | : | |
| **VINCENT MOONEY,** *et al.*, | : | **Electronically Filed Document** |
| | : | |
| **Defendants** | | *Complaint Filed 07/24/2020* |

### CERTIFICATE OF SERVICE

I, Jonathan M. Blake, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 18, 2021, I caused to be served a true and correct copy of the foregoing document titled Answer and Affirmative Defenses to the following:

**VIA U.S. MAIL**
**Smart Communications/PADOC**[1]
**Lamont Pugh, BG-9048**
**SCI Rockview**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

**VIA ECF**
**Laura Herzog, Esquire**

**Thomas Thomas & Hafer, LLP**
**1550 Pond Road, Suite 210**
**Allentown, PA   18104**
**lherzog@tthlaw.com**
*Counsel for Defendant Newton*

                                      *s/ Jonathan M. Blake*
                                      **JONATHAN M. BLAKE**
                                      Deputy Attorney General

---

[1] Pursuant to a recent change to the Department of Corrections' mail procedures, all mail, except mail from an inmate's attorney or from a court, must be processed through the vendor listed.