IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMONT PUGH,** | : | CIVIL ACTION NO. 1:20-CV-1273 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **VINCENT MOONEY,** *et al.,* | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983 in which plaintiff Lamont Pugh, an inmate in the Pennsylvania Department of Corrections who is currently incarcerated in the State Correctional Institution-Greene ("SCI-Greene"), alleges that his civil rights were violated when he was formerly incarcerated in the State Correctional Institution-Retreat ("SCI-Retreat"). His claims arise from an assault that allegedly occurred on July 17, 2018 and the subsequent transfer of him from SCI-Retreat to another institution. Defendant Andrew O. Newton has filed a motion to dismiss. The motion will be granted.

**I.     Factual Background & Procedural History**

Pugh initiated this case through the filing of a complaint on July 16, 2020, which the court received and docketed on July 24, 2020. (Doc. 1). According to the allegations in the complaint, Pugh was assaulted in his cell at SCI-Retreat on July 17, 2018 by defendants Phillips, Moore, and Bailey. (Id. at 3). Pugh was allegedly rushed to the prison's infirmary because he was bleeding profusely from the head.

(Id.)  The complaint alleges that the assault by Phillips, Moore, and Bailey was done in retaliation for Pugh filing grievances against prison staff members.  (Id. at 4).

The complaint further alleges that approximately one month after the assault, Pugh began receiving mental health treatment in the prison's diversionary treatment unit.  (Id.)  Upon Pugh's placement in the diversionary treatment unit, unnamed defendants "acted in concert with Defendant Andrew Newton" to "fictitiously manufacture" false mental health records for Pugh.  (Id.)  This was allegedly done to enable defendants Mooney, Stetler, Miller, Grohowski, Stempien, and Monko to transfer Pugh out of SCI-Retreat and into the special management unit in the State Correctional Institution-Fayette ("SCI-Fayette").  (Id.)  Pugh alleges that after being transferred to SCI-Fayette, he no longer received mental health treatment and experienced "racial profil[ing] and systematic racism."  (Id.)

The complaint raises four claims for relief.  First, Pugh asserts that defendants Phillips, Moore, and Bailey engaged in "calculated harassment" in violation of the Eighth Amendment.  (Id. at 6).  Second, Pugh asserts that Phillips, Moore, and Bailey used excessive force in violation of the Eighth amendment during the July 17, 2018 assault.  (Id.)  Third, Pugh asserts that Phillips, Moore, and Bailey violated his right to equal protection under the Fourteenth Amendment.  (Id. at 7).  Finally, Pugh raises a state law tort claim for assault and battery against Phillips, Moore, and Bailey.  (Id. at 8).  Although it is not specifically raised in the complaint, the court also liberally construes the complaint as raising a retaliatory transfer claim against defendants Mooney, Stetler, Miller, Grohowski, Stempien,

2

and Monko.  Defendant Newton is not mentioned anywhere in the complaint's enumerated causes of action.  (See id. at 6-8).

Defendant Newton moved to dismiss on November 10, 2021.  (Doc. 24).  Briefing on the motion is complete and it is ripe for the court's disposition.  (See Docs. 25, 41, 43, 44).  All other defendants with the exception of defendant Bailey have answered the complaint.  (Doc. 29).  Defendant Bailey has not been served and accordingly has not responded to the complaint.  Attorney Jonathan M. Blake, who represents all defendants other than Newton and Bailey, informed the court on June 1, 2022 that the only person named Bailey who was previously employed at SCI-Retreat is now deceased.  (Doc. 46).

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605

3

F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

4

### III.  Discussion

Pugh brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).  In this case, Newton argues that the complaint should be dismissed based on Pugh's failure to allege Newton's personal involvement.

We agree.  A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence.  Id.

The only factual allegation against Newton is that unnamed defendants "acted in concert" with him to manufacture false mental health records for Pugh.  The complaint does not specify any actions that Newton took and does not allege that Newton himself falsified mental health records; it simply alleges that the

unnamed defendants who allegedly falsified the records did so "in concert" with Newton. Furthermore, Newton is not mentioned in any of Pugh's enumerated claims, and there is no basis in the complaint to include Newton as a defendant with respect to Pugh's unenumerated retaliatory transfer claim. We accordingly find that dismissal of the claims against Newton is appropriate given Pugh's failure to allege Newton's personal involvement.

We will, however, grant Pugh leave to amend. Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Leave to amend is appropriate here because Pugh's claims against Newton are factually, rather than legally, deficient.

## IV.   Conclusion

We will grant the motion to dismiss, dismiss Pugh's claims against Newton without prejudice, and grant Pugh leave to file an amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   June 21, 2022