IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT PUGH, : | |
|       Plaintiff : | |
| : | |
| vs. : | No. 1:20-cv-1273 |
| : | |
| VINCENT MOONEY: SUPT. ET AL; : | |
| MS. BANTA: D.S.C.S.; : | |
| MR. STETLER: D.S.F.M.; : | |
| STACEY MILLER: CCPM; : | |
| MR. GROHOWSKI: UM; : | |
| ANDREW NEWTON: PSYCHIATRIST; : | |
| MS. STEMPIEN: PSS; : | |
| MR. MANKO: LT; MR. BAILEY: CO.I; : | |
| MR. PHILLIPS: S.G.T.; : | |
| CENTRAL OFFICE SPECIAL NEEDS; : | |
| PSYCHIATRIC REVIEW TEAM; : | |
| MR. MOORE:  CO.I, : | |
|       Defendants : | JURY TRIAL DEMANDED |

**DEFENDANT ANDREW O. NEWTON, M.D.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT AND/OR OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.      PROCEDURAL BACKGROUND**

This is a *Pro Se* prisoner civil rights case which Complaint was mailed by Plaintiff LaMont Pugh on July 16, 2022 and docketed on July 24, 2020 (ECF No. 1). Plaintiff originally named 13 Defendants, including Andrew O. Newton, M.D. ("Dr. Newton").  On November 10, 2021, Dr. Newton filed a Motion to Dismiss with Brief in support for failure to state a claim under Fed.R.C.P. 12(b)(6) (ECF No. 24, 25). The bases for this Motion to Dismiss included Plaintiff's failure to allege Dr. Newton's personal involvement (*Id*.).  On June 21, 2022, this Court (Conner, J.) granted Dr. Newton's Motion to Dismiss, without prejudice, and granted Plaintiff leave to file an amended complaint on or before July 21, 2022. (ECF No. 48). The Order included:

*1*

*5706048.1*

> If plaintiff does not file an amended complaint by the above date, the
> claims against defendant Newton shall be dismissed without further
> leave to amend and the case shall proceed as to plaintiff's claims
> against all other defendants named in the original complaint

(*Id*).

Plaintiff sought an extension, which was granted on July 18, 2022, allowing Plaintiff until August 22, 2022 to file an amended complaint (ECF No. 51).  Plaintiff mailed a Motion to Amend his Complaint on August 23, 2022, which was docketed on August 26, 2022 (ECF No. 52). Attached to the Motion to Amend is a proposed Amended Complaint (ECF No. 52-2, Ex. "1"). Given the Court's prior order granting Plaintiff leave to file an amended complaint, Dr. Newton assumes that the Plaintiff's Amended Complaint, attached to his Motion, will be deemed the operative amended complaint.[1]

Dr. Newton now moves to dismiss Plaintiff's Amended Complaint for failure to state a claim under Fed.R.C.P. 12(b)(6) and as it contains no plausible claims. In the alternative, Dr. Newton requests that Plaintiff's Motion To Amend his Complaint be denied, as the proposed Amended Complaint fails to state a claim for which relief may be granted and contains no plausible claims.

## II.     FACTS

Plaintiff Pugh notes in his Amended Complaint that he seeks declaratory, injunctive, compensatory and punitive relief for violations of the 8th and 14th Amendments (ECF No. 52-2, attached). Plaintiff avers that he was diagnosed in 2018 at SCI-Camp Hill with schizophrenia and schizoaffective depression (ECF No. 52-2, ¶ 23). Plaintiff further avers that on July 17, 2018, he

---

[1] Dr. Newton further notes that Plaintiff has failed to file the amended complaint by the Court deadline of August 22, 2022 and submits that, per the Court's June 21, 2021 order, the claims against Dr. Newton are dismissed without further leave to amend by Plaintiff.

was assaulted and battered at SCI-Retreat by certain correction officer Defendants, as retaliation for filing grievances, complaints to the central office, and PREA complaints, and he suffered injuries requiring medical treatment (ECF No. 52-2, ¶¶ 24-26, 30 pp. 4-5).  Plaintiff does not identify Dr. Newton with regard to this alleged assault and battery (*Id*).

Specifically against Dr. Newton, Plaintiff avers that he was employed by the Department of Corrections as a medical doctor acting under color of state law (ECF No. 52-2, ¶ 14, p. 3). Plaintiff's first mention of Dr. Newton in the "Facts" section of the Amended Complaint is at paragraph no. 33.  He alleges in this paragraph:

> Defendants acted in concert with Defendant Andrew O. Newton, M.D.… a (Psychiatrist) to fictitiously manufacture Plaintiff['s]… mental health records by changing Plaintiff['s] "D" Code stability to a "C" Code stability an[d] he do[es] not have a license as a psychiatrist or a specialty in psychiatry.  He acted in his individual and official capacity under the color of law.

(ECF No. 52-2, ¶ 33, p. 6).  Plaintiff alleges against correction officer Defendants, and not Dr. Newton, that they engaged in a retaliatory placement of Plaintiff to SCI-Fayette, Special Management Unit ("SMU"), to be punished, and that he went from having treatment in DTU to no treatment in SMU (ECF No. 52-2, ¶¶ 34, p. 6).  Plaintiff then avers that the retaliatory placement into the SMU by correction officer Defendants and Dr. Newton prohibited him from meeting parole eligibility requirements which prolongs Plaintiff's incarceration (ECF No. 52-2 ¶ 39, p. 7).

Plaintiff's only "Causes of Action" against Dr. Newton are set forth in Count II (ECF No. 52-2 ¶¶ 54-58, p. 10). Plaintiff avers at Count II against Dr. Newton and others that they attempted to "conceal their violative conduct by falsifying reports in violation of Dept. Code of ethics and Policy DC-ADM 801 [?] which suffice [?] that reports not be used to harass" (ECF No. 52-2, ¶¶ 55-56 p. 10).  Plaintiff further alleges that Dr. Newton and others also violated Plaintiff's rights of due process and equal protection and DC-Adm 801-Inmates Disciplinary Procedures Manual

3

Section 6(c), special housing unit transfer, because Plaintiff was never seen by the Program Review Committee before being transferred to the Special Management Unit.

The physical injuries averred in Plaintiff's Amended Complaint at paragraphs 41-44 allegedly were the result of a July 17, 2018 claimed assault and battery involving other Defendants, and <u>not</u> Dr. Newton.

### III.     ARGUMENT

#### A.     Plaintiff's Complaint fails to state a cause of action under R. 12(b)(6).

> A motion to dismiss pursuant to Rule 12(b)(6) contends that the complaint has failed to assert a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering the motion, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

*Real Alternatives, Inc. v. Burwell*, 150 F. Supp. 3d 419, 430 (M.D. Pa 2015).

As this Court stated in the Memorandum, issued in conjunction with the initial dismissal of the Complaint against Dr. Newton,:

> Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips*, 515 F.3d at 232 (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See *Santiago v. Warminster Township*, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556); *Twombly*, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

(ECF No. 47, p. 4).

As with the original Complaint, Dr. Newton submits that Plaintiff's Amended Complaint should be dismissed for failure to allege Dr. Newton's personal involvement. As this Court stated in its Memorandum:

> A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. *Id*.

(ECF No. 47, p. 5).

As in the original Complaint, Plaintiff fails to aver Dr. Newton's personal involvement, or personal direction or actual knowledge and acquiescence as a supervisor, in the alleged Constitutional violations.

Plaintiff avers that Dr. Newton "acted in concert" with unnamed defendants to manufacture the alleged false mental health records for Plaintiff. However, Plaintiff fails to specify any actions taken by Dr. Newton, does not allege that Dr. Newton falsified the mental health records, and merely alleges that unnamed Defendants acted in concert with him.

Further, as to the retaliatory placement claim, Plaintiff names Dr. Newton among eight other Defendants and fails to allege Dr. Newton's individual actions with regard to the averred retaliatory transfer.

The claims set forth in Count II are difficult to decipher. Plaintiff asserts against Dr. Newton and others that they "falsified reports"; however, he does not specify the reports at issue, Dr. Newton's actions in falsifying reports, how he falsified the reports and in what respect they were untrue. Further in Count II, Plaintiff avers against Dr. Newton and others that his rights were violated when he was transferred to the Special Management Unit. However, he does not identify Dr. Newton's actions with regard to this alleged improper transfer.

For these reasons, Dr. Newton's Motion to Dismiss should be granted, with prejudice.

### B.    Change in Stability Code Does Not Rise to an 8th Amendment Violation.

Plaintiff Pugh claims that unnamed Defendants acted in concert with Defendant Andrew Newton, to fictitiously manufacture Plaintiff's mental health records by changing Plaintiff's "D" Code stability to a "C" Code stability. Dr. Newton submits that this claim does not rise to the level of an 8th Amendment violation.

As has been stated clearly in this Circuit, making a false statement in a medical record is insufficient to support an 8th Amendment claim, inasmuch as the fabrication of medical records is not actionable. *Rivera v. Tennis*, 2010 U.S. Dist. LEXIS 85468, *25 (M.D. Pa. July 19, 2010) (finding that allegations of falsification of medical records, alone, is insufficient to support an 8th Amendment claim), *adopted* 2010 U.S. Dist. LEXIS 71991 (M.D. Pa. July 19, 2010); *McAnulty v. Mooney*, 2016 U.S. Dist. LEXIS 105908, *20 (M.D. Pa. Aug. 11, 2016) (finding that allegation that physician assistant falsified grievance response related to medical treatment did not rise to level of deliberate indifference). *See also Collazo v. Talbot*, 2013 U.S. Dist. LEXIS 70831, 2013 WL 2181184 (C.D. Ill. May 20, 2013) ("Fabrication or falsification of medical records . . . is not an actionable claim under the Eighth Amendment."); *Oliver v. Haddock*, No. 08-4608, 2009 U.S.

Dist. LEXIS 112126, at *16 (S.D.N.Y. Dec. 3, 2009) (finding the allegedly false entry in plaintiff's medical record was insufficient to show the defendant acted with deliberate indifference to plaintiff's medical needs).

In addition, the change from Stability Code "D" status to Stability Code "C" status does not implicate any 8th Amendment right. An inmate "has no constitutional right to be assigned a particular stability code, or to be confined in a particular cell." *Stafford v. Corizon Health, Inc.*, 2016 U.S. Dist. LEXIS 104553 (M.D. Pa. August 9, 2016); *Keeling v. Wetzel*, 2020 U.S. Dist. LEXIS 45637, *4 (M.D Pa March 16, 2020).

For all the above stated reasons, Plaintiff's averments against Dr. Newton do not rise to the level of an 8th Amendment violation.

### C. Plaintiff Fails to Set Forth a Prima Facie Case against Dr. Newton for Conspiracy to Retaliate and for Retaliation

In the case at bar, Plaintiff avers that Defendants acted in concert with Dr. Newton to fictitiously manufacture Plaintiff's mental health records by changing his "D" Code Stability to a "C" Code".

> [I]n order to plead a civil rights action based upon a claim of conspiracy, a plaintiff must plead allegations that are: supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives. Bare conclusory allegations of "conspiracy" or "concerted action" will not suffice to allege a conspiracy.

*Victor v. Huber*, 2012 U.S. Dist. LEXIS 186403, *39-40 (M.D. Pa Nov. 28, 2012). The plaintiff must "expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." *Flanagan v. Shively*, 783 F. Supp. 922, 928 (M.D. Pa. 1992). A "bare assertion of conspiracy will not suffice." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).

> [T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred. *D.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992); see also *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008) (stating that a conspiracy requires a "meeting of the minds")... This holding remains good law following Twombly [550 U.S. 544 (2007)] and Iqbal [556 U.S. 662 (2009)], which, in the conspiracy context, require "enough factual matter (taken as true) to suggest that an agreement was made," in other words, "plausible grounds to infer an agreement." Twombly, 550 U.S. at 556.

*Id.*

"It is not enough that the end result of the parties' independent conduct caused the plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Perez v. Gamez*, 2013 U.S. Dist. LEXIS 163862, *30-31 (M.D. Pa. Nov. 18, 2013). Rather, the plaintiff must show that the defendants acted in concert with the specific intent to violate the plaintiff's rights. *Davis v. Fox*, 2013 U.S. Dist. LEXIS 148328, *14 (M.D. Pa. Oct. 15, 2013).

Here, Plaintiff's assertions fail to satisfy the requirements for adequately pleading conspiracy. Just because Plaintiff's Stability Code was changed and that, at some unspecified time, Plaintiff was housed in a different unit then previously, does not reasonably lead to the inference that certain unnamed Defendants and Dr. Newton had an agreement to punish Plaintiff for his PREA or other complaints and prevent him from receiving treatment.

In *Great Western Mining & Mineral Co. v. Fox Rothschild,* 615 F.3d 159, the Third Circuit addressed plaintiff's federal claim of deprivations of due process. Great Western had lost its state court action to vacate an arbitration award. The award had been entered by ADR Options arbitrator, Tom Rutter, in favor of plaintiff, whose counsel was Attorney Tinter, a partner at Fox, Rothchild. Plaintiff claimed that these defendants conspired with state-court judges to exchange favorable rulings for the judges' future employment as arbitrators. The Third Circuit held that

plaintiff's conspiracy claim against these defendant parties was insufficiently pled, as it failed to adequately aver an agreement *Id*. at 178. What Great Western averred was that:

> (1) on or about March 1, 2006, Tintner stated that there was "no way that a Philadelphia court is ever going to find against Thomas Rutter given his relationship with the Philadelphia court system"…; (2) ADR Options is the largest provider of ADR services in Pennsylvania, has a large roster of former judges employed as arbitrators, and pays its arbitrators handsomely; and (3) in May 2009, Rutter testified at a deposition that some of the judges who had ruled for ADR Options and against Great Western had already approached him about employment after they leave the bench.

The Third Circuit held that:

> At most, Great Western has alleged that Pennsylvania state-court judges hoped to secure employment with ADR Options after leaving the bench and thus had an incentive to rule in the company's favor. Fatal to its claim, however, Great Western failed to make any factual contentions concerning conduct by Rutter or any of the other Defendants. Specifically, even Proposed Amended Complaint 3 is devoid of allegations that Rutter or any of the Defendants did or said something to the judges to create an understanding that favorable rulings could result in future employment. Instead, the allegations in the complaint, even when viewed in the light most favorable to Great Western, describe unilateral action on the part of certain judges.

*Id*. at 178-179.  *See Noble v. Brady*, 2020 U.S. Dist. LEXIS 115521 *15-16 (W.D. Pa July 1, 2020) (wherein failure to allege any facts suggesting that purported conspirators communicated, consulted, or cooperated for the express purpose of jointly depriving Plaintiff of constitutional rights held fatal to conspiracy claim).

 In the case at bar, Plaintiff has failed to plausibly plead concerted action by the unnamed Defendants and Dr. Newton.  There is nothing to be found in Plaintiff's allegations from which a Court could plausibly infer a meeting of the minds.  Absent is the name of each Defendant and each Defendant's role in the alleged conspiracy, the approximate time when Dr. Newton allegedly conspired with the other Defendants to reach an agreement, the object of the conspiracy, and the period of the conspiracy.

As Plaintiff has failed to set forth a prima facie case of conspiracy against Dr. Newton, any possible claim of conspiracy to retaliate durected against Dr. Newton should be dismissed, with prejudice.

In addition, Plaintiff' has not sufficiently averred causation to make out a claim for retaliation.  To prevail on a claim of retaliation, a prisoner-plaintiff must prove that: (1) the conduct which led to the alleged retaliation was constitutionally protected, (2) he suffered some "adverse action" at the hands of the prison officials, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).  "Because retaliation claims can be easily fabricated, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner."  *Williams v. Nyberg*, 2021 U.S. Dist. Lexis 201201, *15 (W.D. Pa Oct. 19, 2021). Merely labelling an action as retaliatory does not satisfy the pleadings requirements. A plaintiff must plead sufficient facts to support his assertion that the retaliation was due to the exercise of a constitutionally protected right, that the action lead to adverse treatment and that the prisoner's action was a substantial motivating factor in the adverse action *Id*.

The third element of on a retaliation claim, causation, is established only if the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Anderson v. Davila*, 125 F.3d 148, 163 (3d Cir. 1997). To support this last element, "a plaintiff must come forward with more than 'general attacks' upon the defendant's motivations..." *Miskovitch v. Hostoffer*, 721 F. Supp. 2d 389, 396 (W.D. Pa 2010)(citing  *Crawford—El v. Britton*, 523 U.S. 574, 600 (1998)).

In the case at bar, Mr. Pugh has not sufficiently averred causation. *See Williams v. Nyberg*, 2021 U.S. Dist. Lexis 201201, *16-17 (Plaintiff fails to sufficiently aver causation where the most specific allegations are that on October 5, 2018, defendant "removed plaintiff from his Chapel Janitor work assignment," and Defendants "Ennis, Kusiak, Giles, Egan, Dececco, Seusser, and Eddy" terminated him from his janitorial job at SCI-Albion "as retaliation for plaintiff's exercise of filing grievances and lawsuits).

Here, Plaintiff has alleged no time element between the alleged PREA complaint, or other complaints and grievances, and his transfer or any plausible connection between his complaints and transfer. Accordingly, Plaintiff's Amended Complaint (ECF No. 52-2) does not set forth a prima facie case of retaliation.

## IV.   CONCLUSION

For the above stated reasons, Andrew O. Newton, M.D. requests that the Court dismiss Plaintiff's Amended Complaint against him, with prejudice.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

September 7, 2022
Date

_____
Laura J. Herzog, Esquire
*Attorney for Defendant Andrew O. Newton, M.D.
(incorrectly identified as Andrew Newton, Psychiatrist)*

*6082425.1*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT PUGH, | : | |
|     Plaintiff | : | |
| vs. | : | No. 1:20-cv-1273 |
| | : | |
| VINCENT MOONEY: SUPT. ET AL; | : | |
| MS. BANTA: D.S.C.S.; | : | |
| MR. STETLER: D.S.F.M.; | : | |
| STACEY MILLER: CCPM; | : | |
| MR. GROHOWSKI: UM; | : | |
| ANDREW NEWTON: PSYCHIATRIST; | : | |
| MS. STEMPIEN: PSS; | : | |
| MR. MANKO: LT; MR. BAILEY: CO.I; | : | |
| MR. PHILLIPS: S.G.T.; | : | |
| CENTRAL OFFICE SPECIAL NEEDS; | : | |
| PSYCHIATRIC REVIEW TEAM; | : | |
| MR. MOORE:  CO.I, | : | |
|     Defendants | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of September, 2022, a copy of a **DEFENDANT ANDREW O. NEWTON, M.D.'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND/OR OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT** was served upon the following:

VIA U.S. FIRST CLASS MAIL:
Smart Communications/PA DOC
LaMont Pugh #BG9048
SCI Greene
P.O. Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

VIA ECF:
Jonathan M. Blake, Esquire
Office of Attorney General
Civil Litigation Division
Strawberry Square, 15th Floor
Harrisburg, PA  17120
*Counsel for Defendants*

**THOMAS, THOMAS & HAFER, LLP**

Dated:  September 7, 2022      By:  _/s/ Laura J. Herzog_
                                                            Laura J. Herzog, Esquire

*5706048.1*