IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMONT PUGH,** | : | CIVIL ACTION NO. 1:20-CV-1273 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **VINCENT MOONEY,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Lamont Pugh, alleges that his civil rights were violated when he was assaulted by prison officials and subsequently transferred from one prison to another. The case is proceeding on Pugh's amended complaint. Defendant Andrew Newton has filed a motion to dismiss. The motion will be granted.

**I.      Factual Background & Procedural History**

Pugh filed his initial complaint on July 16, 2020. (Doc. 1). Newton moved to dismiss on November 15, 2021. (Doc. 24). The court granted the motion to dismiss on June 21, 2022, finding that the complaint failed to plead Newton's personal involvement. (Docs. 47-48). The court noted that the only allegation against Newton was that other defendants "acted in concert" with him to falsify Pugh's mental health records but that there were no allegations as to what specific acts he performed or whether he personally falsified the mental health records. (Doc. 47 at 5-6). We also noted that Newton was not mentioned as a defendant in any of Pugh's

enumerated claims.  (Id. at 6).  We accordingly dismissed the claims against Newton without prejudice and granted Pugh leave to amend.  (Doc. 48).

Pugh filed an amended complaint on August 22, 2022, which the court received and docketed on August 26, 2022.  (Doc. 57).  According to the amended complaint, Pugh was diagnosed with schizophrenia and schizoaffective disorder by mental health professionals at SCI-Camp Hill in April 2018.  (Id. at 4).  Pugh was subsequently transferred to SCI-Retreat and placed in a psychiatric observation cell.  (Id.)

Pugh was allegedly assaulted in his cell on July 17, 2018, by defendants Phillips, Moore, and Bailey.  (Id. at 5).  Officials rushed Pugh to the infirmary because he was purportedly bleeding from the head.  (Id.)  Bailey allegedly punched Pugh again while he was in the infirmary.  (Id.)  The complaint avers that the assault by Phillips, Moore, and Bailey was done in retaliation for Pugh filing grievances against prison staff members.  (Id.)  Later that day, defendant O'Brien, a physician's assistant in the prison, allegedly denied Pugh pain medication.  (Id.)

Beginning on approximately July 28, 2018, Pugh began receiving mental health treatment in the prison's diversionary treatment unit.  (Id. at 6).  Upon his placement in the diversionary treatment unit, unnamed defendants "acted in concert" with Newton to "fictitiously manufacture" false mental health records to change his "D Code" mental health classification to a "C Code" classification.  (Id.)  This was supposedly done to enable defendants Mooney, Banta, Stetler, Miller, Grohowski, Stempien, and Monko to transfer Pugh out of SCI-Retreat and into the special management unit in SCI-Fayette.  (Id.)  Pugh alleges that after being

transferred to SCI-Fayette, he no longer received mental health treatment and experienced "racial profil[ing] and systemic racism." (Id.) Newton and several other defendants also allegedly "prohibit[ed]" Pugh from "meeting parole eligibility requirements" in an unspecified fashion. (Id.)

The amended complaint asserts claims for excessive force, assault, and battery against defendants Bailey, Phillips, and Moore and equal protection and due process claims against Mooney, Banta, Stetler, Miller, Grohowski, Monko, Newton, and Stempien. (Id. at 9-11). Pugh seeks damages, injunctive relief, and declaratory relief. (Id. at 12).

Newton moved to dismiss the amended complaint on September 7, 2022. (Doc. 53). Briefing on the motion is complete and it is ripe for review. (See Docs. 54, 59). All other defendants with the exception of Bailey answered the amended complaint on October 31, 2022. (Doc. 60). Counsel for all defendants other than Newton and Bailey informed the court on June 1, 2022 that the only person named Bailey who was previously employed at SCI-Retreat is now deceased. (Doc. 46). The court dismissed all claims against Bailey with prejudice on September 30, 2022, in light of Pugh's failure to move to substitute a defendant in his place. (Doc. 58).

Newton moved to stay case management deadlines pending resolution of his motion to dismiss on April 25, 2023. (Doc. 67). The court granted the motion on May 8, 2023, stating that new case management deadlines would be imposed after resolution of the motion to dismiss. (Doc. 69). Pugh has additionally filed a motion for "joinder of parties," wherein he reiterates his arguments opposing the motion to dismiss and requests that the motion be denied. (Doc. 68). The motion for joinder

3

does not request that any new defendants be added to the case or request any other relief beyond the denial of the motion to dismiss. (See id.)

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting

4

Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants.  Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).  *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III.   Discussion**

Pugh brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United

States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendants cannot be liable for a violation of a plaintiff's civil rights unless they were personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). Personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id.

We will grant Newton's motion to dismiss because Pugh again fails to plead his personal involvement. The conclusory assertion that Newton prohibited Pugh from meeting parole eligibility requirements is not entitled to the assumption of truth. Santiago, 629 F.3d at 131-32. When that assertion is disregarded, the only factual allegation against Newton is that unnamed defendants "acted in concert" with him to manufacture false mental health records for Pugh. The complaint does not specify any actions that Newton took and does not allege that Newton himself falsified mental health records; it simply states that the unnamed defendants who allegedly falsified the records did so "in concert" with Newton.

Even if the amended complaint is liberally construed to allege that Newton personally falsified records, the complaint does not state which records he falsified, how he did so, or how the falsification allowed prison officials to change Pugh's classification to a C Code and subsequently transfer him to another institution. We will accordingly dismiss all claims against Newton for Pugh's failure to allege personal involvement.

6

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will deny further leave to amend as futile with respect to Pugh's claims against Newton. Pugh has had multiple opportunities to state claims upon which relief may be granted against Newton but has failed to do so.

We will also deny Pugh's motion for joinder; the only relief requested in the motion is denial of the motion to dismiss. In addition, we will issue a case management order setting forth new pretrial deadlines.

**IV.     Conclusion**

We will grant the motion to dismiss, dismiss Pugh's claims against Newton without further leave to amend, deny Pugh's motion for joinder, and impose new case management deadlines. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 1, 2023

7