# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAMONT PUGH, | : | Civil No. 1:20-CV-01273 |
| Plaintiff, | : | |
| v. | : | |
| SGT. PHILLIPS and C.O. MOORE, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is a prisoner civil rights case arising from an alleged use of excessive force by correctional officers. The case is scheduled for a jury trial on July 28, 2025. Both Plaintiff and Defendants have filed motions in limine. Docs. 123, 125, and 127. For the reasons that follow, Defendants' motion in limine, Doc. 123, will be denied without prejudice, Plaintiff's motion in limine seeking to exclude evidence that was not previously produced during discovery, Doc. 125, will be denied without prejudice, and Plaintiff's motion seeking to exclude evidence of his criminal convictions, Doc. 127, will be granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Lamont Pugh ("Pugh"), an inmate in Frackville State Correctional Institution ("SCI-Frackville") who was incarcerated at Retreat State Correctional Institution ("SCI-Retreat") during all times relevant to this case, filed this case on

1

July 24, 2020. (Doc. 1.)[1] The case was initially assigned to United States District Judge Christopher C. Conner. The case is presently proceeding on Pugh's amended complaint. (Doc. 57.) Following Defendant Bailey's death and Pugh's failure to name a substitute party, Judge Conner dismissed all claims against Bailey on September 30, 2022. (Doc. 58.) The court additionally dismissed all claims against Defendant Newton for Pugh's failure to state a claim upon which relief could be granted on June 1, 2023. (Doc. 72–73.) The remaining Defendants answered the amended complaint on October 31, 2022. (Doc. 60.) Defendants then filed a motion for summary judgment on October 2, 2023. (Doc. 78.)

Judge Conner granted the motion in part and denied it in part on July 23, 2024, allowing the case to proceed solely as to Pugh's Eighth Amendment excessive force and First Amendment retaliation claims against Defendants Phillips and Moore. (Docs. 106–07.) Both claims arise from an alleged physical assault committed by Bailey, Phillips, and Moore in Pugh's cell.[2] Judge Conner referred the case to mediation, which proved unsuccessful. (Docs. 111, 115.) The

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

[2] As noted above, Bailey has been dismissed from the case following his death.

case was then reassigned to the undersigned on October 28, 2024, in preparation for Judge Conner's retirement from the court.[3]

On December 13, 2025, the court issued an order scheduling the case for a jury trial on July 28, 2025. (Doc. 119.) The court imposed a June 16, 2025, deadline for the filing of any motions in limine. (*Id.*) Defendants filed a motion in limine on June 13, 2025, and the court received and docketed Pugh's motions in limine on June 23, 2025.[4] (Docs. 123, 125, 127.) Neither party has responded to the other's motions in limine. The motions are accordingly ripe for review.

## STANDARD OF REVIEW

Prior to trial, courts may rule on motions in limine involving the admissibility of evidence. Such motions "narrow the evidentiary issues for trial and . . . eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

Generally, relevant evidence is admissible at trial. Fed. R. Evid. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The court, however, may preclude

---

[3] Judge Conner retired from the court in January 2025.

[4] Pugh's motions are deemed timely under the prisoner mailbox rule. *See, e.g.*, *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011).

relevant evidence from trial where its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. Steamship Co., Inc.*, 80 F.3d 777, 780 (3d Cir. 1996) (cleaned up).

Further, the Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990); *see also Spain v. Gallegos*, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit takes a "cautious approach to Rule 403 exclusions at the pretrial stage . . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." *Paoli*, 916 F.2d at 859.

### DISCUSSION

Defendants' motion in limine seeks to exclude from trial "all evidence that does not pertain to Pugh's excessive force and retaliation claims against

Defendants Phillips and Moore." (Doc. 124, p. 4.) Defendants argue that the admission of any evidence that is pertinent to Pugh's dismissed claims would be irrelevant to the claims at trial and that the probative value of the evidence is outweighed by the possibility that it would mislead and confuse the jury, cause undue delay, and waste time. (*Id.*)

The court will deny Defendants' motion without prejudice. The court simply cannot determine whether admission of the evidence is proper until one of the parties has attempted to introduce the evidence when the court can address any questions of foundation, relevance, and potential prejudice on a developed trial record. *See Paoli*, 916 F.2d at 859 ("[P]retrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." (internal emphasis omitted)).

Pugh's first motion in limine will be denied without prejudice for similar reasons. Pugh seeks to exclude from trial any evidence that was not produced during discovery, but he does not specify any evidence that he believes Defendants will attempt to introduce that was not previously produced. (Docs. 125–26.) The court cannot meaningfully consider this motion until a developed trial record allows appropriate consideration of any issues of notice, foundation, relevance, or

5

prejudice. Pugh's first motion in limine will accordingly be denied without prejudice.

Finally, Pugh's second motion in limine seeks to exclude from trial any references to his specific criminal charges or convictions because they are irrelevant to his claims and would unduly prejudice the jury. (Doc. 128.) Pugh notes that he was not charged with or convicted of any crimes involving dishonesty, and he thus argues that the only basis for introducing evidence of his criminal convictions would be as impermissible character evidence. (*Id.* at 3.) Defendants have not responded to this motion.

The court will grant Pugh's second motion in limine. The court agrees with Pugh that evidence of the crimes for which he was convicted and incarcerated is irrelevant to his present claims and would only tend to unfairly prejudice the jury against him. The court will thus exclude this evidence from trial. The court cautions, however, that this ruling is without prejudice to Defendants' right to introduce this evidence if events during trial open the door to such evidence being introduced.

## CONCLUSION

For the foregoing reasons, Defendants' motion in limine will be denied without prejudice, Pugh's motion in limine seeking to exclude evidence that was not produced during discovery will be denied without prejudice, and Pugh's motion in limine seeking to exclude evidence of his criminal charges or convictions will be granted without prejudice to defendants' right to introduce this evidence if events during trial open the door to such evidence. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 14, 2025